639 A.2d 911

**Donald J. KRAUSS, Appellant,**

**v.**

**COUNTY OF DELAWARE and Delaware County Council.**

Commonwealth Court of Pennsylvania.

Argued Jan. 31, 1994.

Decided March 14, 1994.

518

Leonard V. Tenaglia, for appellant.

Michael J. Ehling, Asst. County Sol., for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The question presented for our review is whether Appellant, Donald J. Krauss, is a "park guard" within the meaning of the Act of June 28, 1935, which is popularly called the "Heart and Lung Act"[1] (Act). The trial court determined that Appellant did not qualify as a park guard, and, therefore, was ineligible for benefits under the Act. We reverse.

The parties entered into the following stipulations of fact:

1. In the course of his employment, the plaintiff was, on June 25, 1981, injured while directing traffic at the Fair Acres complex. On November 6, 1986, the Plaintiff suffered a recurrence of this injury when his symptoms became more severe and he was operated on, two weeks later, with anterior fusion.

2. As a result of the November 6, 1986, recurrence, the Plaintiff has received workers' compensation benefits. These benefits have consisted of full coverage of all medical expenses and two-thirds (⅔) of the Plaintiff's salary. The remaining one-third (⅓) of the Plaintiff's salary comes to Seven Thousand Six Hundred Seventeen Dollars ($7,617.00).

3. The Plaintiff claims benefits under the "Heart and Lung Act" 53 P.S. § 637. For the purpose of this action only, the County will agree that the Plaintiff's injury on November 6, 1986, was a recurrence of his prior injury and that this November 6, 1986, injury was "total" and "temporary" for purposes of the "Heart and Lung Act." Accordingly, if the Plaintiff is otherwise covered by the "Hear [sic] and Lung Act," the County agrees, for the purpose of this action, that the Plaintiff is entitled to recover a loss of salary of Seven Thousand Six Hundred Seventeen Dollar [sic] ($7,617.00)....

1. "Heart and Lung Act," Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637, 638.

4. The Plaintiff bases his claim to "Heart and Lung Act" benefits on a contention that he is a County "park guard," a contention which the County denies. The parties agree to allow the definition of County "park guard" to be dispositive of this case as a matter of law.

5. At all times material to this action, the Plaintiff was an employee of the County in a department defined by Section 426 of the Delaware County Home Rule Charter as the "Court House Police," which is responsible for maintaining

> Security, public safety and orderly conditions in respect to building and space comprising the County Court House complex, facilities and property, employee parking facilities, and such other duties as required to enforce general security in the Court House complex.

323 Pa.Code § 426. Section 10.10 *et seq.* of the County's Administrative Code, enacted pursuant to the Charter, defines the Plaintiff's department as the "Court House and Park Police," with functions and duties as set forth therein. . . .

* * * * * *

7. The "Fair Acres complex" is a large parcel of real estate located in Middletown Township, Delaware County, with various buildings located there. Principal among these is a geriatric center. Also included is the County morgue and Coroner's office, the Pennsylvania State Police Crime Lab, and facilities used for the storage of County records. The County is also considering or is in the process of relocating its emergency Communications Center to the "Fair Acres Complex." Adjacent to the "Fair Acres Complex" is the County' [sic] Juvenile Detention Center.

8. Vehicular traffic enters and leave [sic] the "Fair Acres complex" from a lengthy driveway connected to Route 352. Entering the "Fair Acres complex" from Route 352, one would drive up this driveway for several hundred yards to approach a small outdoor booth used by the Plaintiff and other members of his department. Form [sic] this booth, the main driveway diverges into two or more different

driveways leading to various buildings in the "Fair Acres complex." It is the Plaintiff's responsibility to stand in this outdoor booth, direct traffic and control traffic safety, and provide a general security function in the area. Since December 1977, this has been the Plaintiff's exclusive regular assignment in the "Court House Police" or "Court House and Park Police."

9. In addition to his regular assignment, Plaintiff is called upon periodically throughout the year to provide security and traffic control at the various county parks. These assignments have averaged approximately sixteen (16) per year, of which approximately twelve (12) per year are mandatory, full shift overtime assignments. These assignments involve coverage of special events, with large crouds, [sic] such as the Summer Festival events and Winter Festival of Lights, at Rose Tree Park.

10. Patrolpersons in the Plaintiff's department are permitted to carry department-approved firearms (assuming that they are qualified in their use), and most of them do. This, however, is not a requirement of employment. James J. Byrne, an employee of the department from February 26, 1979, through July 1983 (when he transferred to the Department of Superintendent of Buildings, from which he is now retired), did not wish to carry a firearm and was not required to do so; so also is the case of Lorraine Stafford, who has been an employee of the Department from August 13, 1984, through the present.

11. The "Fair Acres complex" is used for the various purposes enumerated in Paragraph 7. It is not open to the general public for recreational purposes. Visitors to the "Fair Acres complex" will be persons having business with one of the various departments enumerated in Paragraph 7 and also relations and friends of residents of the geriatric center.

12. The County also maintains various public "parks" which are open to the general public for recreational purposes. The four most notable of these are Smedley Park in Springfield Township, Rose Tree Park in Upper Providence

Township, Camp Upland in the Borough of Upland, and Clayton Park in the Concordville area. The Delaware County Park Board is an advisory body which makes reports and recommendations to the Delaware County Council regarding maintenance and use of these various County "parks." The Delaware County Park Board has never made any reports or recommendations to the County Council regarding the "Fair Acres complex."

13. In addition to its other responsibilities, the park division of the Delaware County Court House and Park Police is responsible for security and traffic control at Smedley Park, Rose Tree Park, Clayton Park and Camp Upland. Any member of the Department may be assigned to perform such duties in that division.

The trial court concluded that Appellant functioned merely as a security officer employed by the County of Delaware and, at the time of his injuries, was performing work to ensure security and safe traffic flow at the Fair Acres Complex, which is not a park facility. Therefore, because Appellant was not functioning as a park guard at the time of his injury, he was not a "park guard" and was not entitled to benefits for the purpose of the Act.

 It is the purpose of the Act to benefit certain classes of public employees temporarily disabled from working because of a job-related injury. Recipients are entitled to receive their full salary during their period of temporary disability. Those categories of employees who are entitled to benefits under the Act are listed in 53 P.S. § 637. It should be noted, however, that not all members of all categories of employees included in these listings are covered by the Act. For example, corrections officers are covered only if their *principal duty* is the care, custody and control of inmates, and psychiatric security aides, employed by the Department of Public Welfare and the Department of Corrections, receive benefits only if their *principal duty* is the care, custody and control of the criminally insane. However, there is no specified *principal duty* for park guards, and the statute merely reads, in pertinent part:

[A]ny ... park guard of any county, city, borough, town or township, who is injured in the performance of his duties ..., and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania ... his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased.

53 P.S. § 637(a).

■ It is well settled that where a section of a statute contains a given provision, the omission of that provision from a similar section of the statute is significant to show that a different intention existed. *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392 (1979); *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa.Commonwealth Ct. 529, 478 A.2d 146 (1984). Here, reference to principal duties is omitted from the sub-section of the statute concerning park guards, although such limiting language is included in another sub-section of the same section of the statute. We must, therefore, assume that the legislature intended that a park guard, whatever his principal duties, is covered by the Act, so long as "he is injured in the performance of his duties." 53 P.S. § 637(a). Here, the parties have agreed that Appellant's principal duties were providing security and directing traffic in the Fair Acres Complex, not in the county parks, but since we must conclude that the legislature did not intend that benefits under the Act would be limited to those park guards whose principal duties were guarding parks, any park guard injured in the performance of his duties is entitled to compensation.

■ As was stipulated in paragraph 5, Appellant is an employee of the Delaware County department known as the "Courthouse and Park Police," and, among his other duties, he is required to control traffic where necessary on all county property and "observe and report areas needing repair in county parks, and follow up and insure repairs have been completed." Delaware County Administrative Code, Sections 10.10.03(a), (b). Moreover, as further stipulated in paragraph 13, the park division of the department is responsible for

security and traffic control at the four county parks, and any employee of the department may be assigned to duties in the park division. In fact, Appellant was called upon to provide security and traffic control in the county parks approximately sixteen (16) times per year. There does not appear, therefore, to be a rigid distinction between park guards and courthouse guards, and each may be assigned, outside their normal work, to the other division. We, therefore, conclude that Appellant was a park guard under the Act at the time of his injury, and since he was injured during the performance of his duties, he is entitled to benefits.

Accordingly, we reverse the order of the Court of Common Pleas of Delaware County denying Appellant benefits under the Act, and remand the case for entry of judgment in favor of Appellant and further proceedings consistent with this opinion.[2]

## ORDER

AND NOW, this 14th day of March, 1994, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**2.** It should be noted that the parties stipulated that if it were found that Appellant was covered by the Act, Appellant was entitled to recover a loss of salary of $7,617.00. The parties also stipulated that the Appellant's entitlement to interest on this amount is a matter to be determined by the Court.