Donald P. JONES

v.

COUNTY OF WASHINGTON,
Appellant (Two Cases).

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1999.

Decided March 4, 1999.

James H. McCune, Washington, for appellant.

Lawrence R. Chaban, Washington, for appellee.

Before COLINS, President Judge, and FRIEDMAN, J., and NARICK, Senior Judge.

COLINS, President Judge.

Washington County appeals the orders [1] of the Court of Common Pleas of Washington County entering judgment in favor of Donald Jones and denying the County's post-trial motions.

Washington County appeals the Court of Common Pleas of Washington County order denying post-trial relief after the court ordered that the County's deputy sheriff, Donald Jones, was entitled to benefits under the law commonly known as the Heart and Lung Act (Act).[2]

The case was submitted to Common Pleas on stipulated facts. Jones was injured on September 2, 1995 in the course of his employment as a deputy sheriff; he was on unscheduled duty to help track down an escapee from the county jail. As a result of that injury, Jones collected workers' compensation benefits. Jones also sought benefits under the Heart and Lung Act as a county park guard, and he filed a civil declaratory judgment suit in Common Pleas for an adjudication of his rights under the Act.

1. The appeal filed at No. 1791 C.D.1998 is from the trial court's order granting judgment in favor of Jones, and as such it is interlocutory and will be quashed. The appeal filed at No. 2507 C.D. 1998 is from the court's final order denying post-trial relief.

2. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–38.

Washington County owns three parks, and in each park it maintains offices to be used by the deputy sheriffs on duty. The County does not employ any park guards; rather, it assigns its deputy sheriffs to the parks as part of their regular duties. The deputy sheriffs patrol the parks and provide security and other law enforcement services. For each park, the County assigns deputy sheriffs in one or more shifts. Prior to his injury, Jones had last been assigned to duty in the County's Cross Creek Park on the 3:00 to 11:00 p.m. shift from August 21 through 25, 1995. On the day he was injured, Jones was not working in a park.

The trial judge ruled that Jones was entitled to benefits under the Heart and Lung Act, based on this Court's decision in *Krauss v. County of Delaware,* 162 Pa.Cmwlth. 517, 639 A.2d 911 (1994), *petition for allowance of appeal denied,* 540 Pa. 608, 655 A.2d 995 (1995). Applying *Krauss,* the court concluded that an employee's actual duties, rather than job title, determines whether he or she is a "park guard" for the purposes of the Act. The court noted that were it not for *Krauss,* it would have been reluctant to extend benefits to Jones because he was not injured in the performance of his duties as a park guard.

On appeal, the County raises the following issues: 1) whether deputy sheriff Jones, who is routinely assigned to work in the county parks, is covered under the Act as a park guard; and 2) if Jones is a park guard, whether he may collect benefits even though he was injured outside the performance of his park duties.

■ As this Court explained in *Krauss,* the purpose of the Act is to benefit certain classes of public employees who are temporarily unable to work because of a job-related injury. A covered worker, including "any . . . park guard of any county, city, borough, town or township, who is injured in the performance of his duties[,]" receives his or her full salary during the period of disability. Section 1(a) of the Act, 53 P.S. §637(a). A

park guard, whatever his principal duties, is covered by the Act and entitled to benefits as long as he is injured in the performance of his duties. *Krauss,* 639 A.2d at 914.

The claimant in *Krauss* was employed with the park division of the Delaware County Court House and Park Police, but his duties were limited to providing security and traffic control at a complex where the county had its morgue and coroner's office, record storage facility, juvenile detention center, geriatric center, and other facilities. The common pleas court concluded that the claimant functioned as a security officer at an office complex, not a park facility. The court denied benefits after concluding that the claimant was not a park guard because he was not functioning as a park guard at the time of his injury. On appeal, this Court reversed and awarded benefits after concluding that 1) Krauss was a park guard and 2) that he was injured in the performance of his duties, even though those duties were not those typically associated with the job of a park guard. The decision is *Krauss* does not compel the decision reached by the court of common pleas in this case.

■ Although the Heart and Lung Act grants full compensation and continuation of employee benefits to eligible employees, and is in that sense more generous than the Workers' Compensation Act, its scope is in fact much narrower and its language is to be strictly construed. *Allen v. Pennsylvania State Police,* 678 A.2d 436 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 546 Pa. 696, 687 A.2d 379 (1997). In the instant case, Jones is a county deputy sheriff, and deputy sheriffs are not covered under the Act.[3] Jones was never employed as a county park guard, and he was not injured in the performance of his duties as a park guard. He is not entitled to collect Heart and Lung Act benefits. Accordingly, we reverse the order of the Court of Common Pleas.

### ORDER

AND NOW, this 4th day of March, 1999, the order of the Court of Common Pleas of

---

3. As noted by the County in its brief, House Bill 2478 of the 1997–1998 legislative session would have amended the Act to add county sheriffs and deputy sheriffs to the list of employees eligible

for Heart and Lung Act benefits. Although the bill was introduced, the session ended without its passage.

Washington County in the matter docketed at 2507 C.D.1998 is reversed. The interlocutory appeal docketed at 1791 C.D.1998 is quashed.