**Heath GOLDSTEIN, Petitioner,**

v.

**DEPARTMENT OF INSURANCE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 31, 1999.
Decided Jan. 20, 2000.
Clarification and Reconsideration Denied March 8, 2000.
Second Motion for Clarification and Reconsideration Denied March 8, 2000.

---

Heath Goldstein, petitioner, pro se.

Amy Griffith Daubert, Harrisburg, for respondent.

Before COLINS, J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

COLINS, Judge.

Heath Goldstein, proceeding pro se, petitions for review of a determination letter of the Insurance Department stating that USAA Property & Casualty Division (USAA or insurer) made a reasonable decision to no longer to accept installment payments from Goldstein and that it had no authority to regulate the insurer's payment policy decision, as long as the insurer consistently applies its policy.

In June or July 1999, Goldstein filed a "formal complaint" with the Insurance Department setting forth the details of a "billing dispute" with USAA. The complaint states that Goldstein had auto, renter's, and umbrella policies with USAA and that he had been making payments under the insurer's extended payment plan. Goldstein alleged that the insurer placed him in its full payment status (i.e., full premium due in one payment) even though he made the required payments before the due date stated in the most recent notice of cancellation.

The Insurance Department requested a full explanation of the insurer's actions, and USAA responded that Goldstein's installment payment option had been withdrawn because of his history of late payments. The insurer detailed a series of five notices of cancellation within a 24-month period and subsequent letters advising Goldstein that his account would be placed in full payment status if an additional notice of cancellation were issued. In September of 1998, Goldstein was sent another notice of cancellation, but the insurer made an exception to reinstate the installment plan. At the time the insurer reinstated Goldstein's installment plan, it recommended its PremiumPay service—which permits an automatic transfer of funds for the premium payments—and again advised him that another notice of cancellation would be grounds for placing his account in full payment status.

On April 21, 1999, the insurer sent Goldstein another notice of cancellation because his account was delinquent. The notice informed him that a payment of $423.45 was due before May 30, 1999. Upon receipt of a check for $130, the insurer sent Goldstein a letter dated April 28, 1999 referencing the $423.45 payment that was due by May 30 and advising him that it would hold his partial payment pending receipt of an additional $293.45. Goldstein made another partial payment, and by letter dated May 27, 1999 advised Goldstein that an immediate additional payment of

$43.45 was due under the terms of the nonpayment cancellation notice. This letter again advised Goldsltein that because of the most recent nonpayment cancellation notice, his account had been placed in full payment status until April 21, 2001 and that the duration of the full payment status would be extended if he received additional cancellation notices.

After receiving the insurer's explanation of its actions, the Insurance Department notified Goldstein by letter date August 17, 1999 that the insurer's actions were reasonable and that it had no authority to regulate the insurer's actions, which were based on economic factors, absent an allegation of discrimination. It is this determination that Goldstein now appeals.

Goldstein asserts that the Insurance Department does have the authority to regulate an insurer's application of its payment policies as established under the laws of the Commonwealth; however, Goldstein's brief cites to no legal authority, statutory or otherwise, in support of that argument. The Insurance Department argues first, that its August 17, 1999 letter is not an appealable adjudication, and second, that it did not commit an error of law or abuse its discretion in failing to resolve Goldstein's private contract dispute with the insurer concerning the availability of an installment payment plan.

Under the Administrative Agency Law, a person aggrieved by an adjudication of a Commonwealth agency and who has a direct interest in such adjudication has a right to appeal. 2 Pa.C.S. § 702. An adjudication is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations. . . ." 2 Pa. C.S. § 101.

■ In this case, the Insurance Department's letter advised Goldstein that it had investigated the insurer's actions and found them to be a reasonable application of its payment policies based on the economic nonfeasibility of accepting installment payments from an insured who has a poor payment record. The letter goes on to advise Goldstein that the Insurance Department does not have the authority to regulate an insurer's reasonable application of its payment policies unless the insurer unfairly discriminates among individual insureds. In our view, the letter constitutes an adjudication, either as a determination of the merits of the complaint or as a dismissal on jurisdictional grounds. Because the Insurance Department apparently investigated the merits of Goldstein's complaint and found the insurer's actions to be justified, we proceed to the merits of Goldstein's appeal.

■ In his formal complaint to the Insurance Department, Goldstein argued that he should not be forced to accept full payment status when the insurer received payment before the cancellation date referenced in the notice of cancellation. Goldstein did not allege that the insurer's actions violated any law or regulation.

The evidence of record in this case, evidence that Goldstein does not dispute, supports the finding that Goldstein was placed on full payment status as a result of his poor payment history. Goldstein's poor payment history is well documented in the record. Although Goldstein argues that the insurer should be barred from changing his payment status when it received full payment before the cancellation date, the change in payment status was not made contingent on nonpayment of the premium by a certain date; rather it was automatic when he received yet another notice of cancellation. Under the terms stated in the insurer's June 9, 1998 letter, Goldstein's subsequent payment of the premium before the cancellation date would prevent only the cancellation of his policies. The letter stated that if Goldstein made timely payments for a two-year period, it would again offer him installment payment status.

We agree with the Insurance Department's conclusion that the insurer's actions in this matter were reasonable based on the economic nonfeasibility of accepting

installment payments from insureds with poor payment histories. The insurer's actions do not violate any law or regulation, and Goldstein does not so allege. Accordingly, the Insurance Department committed no error of law or abuse of discretion, and its determination is affirmed.

### *ORDER*

AND NOW, this 20th day of January 2000, the determination of the Insurance Department in the above-captioned matter is affirmed. Petitioner's motion to quash respondent's brief is dismissed as moot.