In re: Closure Decision of MALEHORN.

Robert J. Frasconi, Petitioner

v.

Commonwealth of Pennsylvania, Department of State, Bureau of Commissions, Elections, and Legislation, Respondent.

Commonwealth Court of Pennsylvania.

Decided Oct. 14, 2014.

Publication Ordered Jan. 7, 2015.

Robert J. Frasconi, pro se.

Caroline A. Bailey, Assistant Counsel, Harrisburg, for respondent.

OPINION BY Senior Judge QUIGLEY.

Currently pending in this Court is a dual jurisdiction petition for review in the nature of mandamus and an answer and new matter thereto. The new matter asserts that this action should be dismissed.

On July 9, 2014, Robert J. Frasconi (petitioner) filed the aforementioned pleading. The petition for review alleges that on May 6, 2014, pursuant to Section 1626(c) of the Election Code,[1] petitioner made an official e-mail voucher request to Trisha Malehorn (Malehorn), Manager, Division of Campaign Finance & Lobbying Disclosure, Department of State, Bureau of Commissions, Elections and Legislation (respondent). Specifically, petitioner sought the following: "The Friends of Tim Mahoney, 2013 Cycle 7; Date: 09/11/2013; Amount $2,652.56; Recipient: Grogan Graffam, P.C., Description of Expenditure: Professional Fees." (Exhibit A to petitioner's petition for review). That same date, Malehorn responded with a letter indicating that the request was received and that respondent anticipated a response from the committee within the next thirty days.

After thirty days passed, petitioner contacted Malehorn's assistant, via email, inquiring about the status of his voucher request. On June 10, 2014, petitioner received an e-mail response to his request.

The response included two items: a copy of a cancelled check dated September 11, 2013 from the Friends of Tim Mahoney to Grogan Graffam, P.C. in the amount of $2,652.56; and an invoice from Grogan Graffam, P.C. to Friends of Tim Mahoney dated August 14, 2013 in the amount of $2,652.56. The response also included correspondence from Malehorn which stated:

> Per your recent voucher request, please find the enclosed documentation given to us from the Friends of Tim Mahoney committee. This matter is now considered closed. Should you have any questions or need further assistance, you may contact Kristine Ream of my staff. . . .

(Exhibit G to petitioner's petition for review).

Petitioner asserts that neither of the documents provided by the campaign committee is responsive to his request in that they are not a *voucher*. (Petitioner's petition for review, page 5). Citing Section 1626(c) of the Election Code, petitioner asks this Court to issue a writ of mandamus directing Malehorn to direct the candidate or political committee to promptly deliver the vouchers or copies thereof to the supervisory office for purposes of inspection and copying.

1. Act of June 3, 1937, P.L. 1333, *as amended,* added by Act of October 4, 1978, P.L. 893, 25 P.S. § 3246(c). This Section provides:

   Vouchers or copies of vouchers for all sums expended amounting to more than twenty-five dollars ($25) shall be retained by the candidate or the committee treasurer and shall be available for public inspection and copying as herein provided. Any person may inspect or copy such vouchers or copies thereof by filing a written request with the appropriate supervisory office which shall notify the candidate or political committee of such request. The candidate or political committee shall have the option of either forwarding such vouchers or copy of the same to the supervisor for such purpose or making the vouchers or copy of the same available to the requesting person. If a candidate or a treasurer of a political committee shall fail to make such vouchers or copies thereof available for inspection and copying when requested by the appropriate supervisory officer, such officer shall direct the candidate or political committee to promptly deliver the vouchers or copies thereof to the supervisory office for purposes of inspection and copying. Costs of copying and costs of delivery by the candidate or treasurer of the requested vouchers or copies thereof shall be borne by the person requesting same.

With regard to this Court's appellate jurisdiction, petitioner asserts that Malehorn's "closure letter" of June 10, 2014 constitutes a final order of an administrative agency. Because he was aggrieved by this purported final order, petitioner requests that the "closure decision" be reversed. (Petitioner's petition for review at page 11).

Respondent filed an answer and new matter, asserting that both portions of petitioner's petition for review should be dismissed. In this regard, respondent contends: (1) the June 10, 2014 letter from Malehorn to petitioner is not an appealable adjudication; and (2) this Court considered and rejected a virtually identical mandamus request in *In re Closure Decision of Marks*, (Pa.Cmwlth. No. 215 M.D.2013, filed July 1, 2013).

### APPELLATE JURISDICTION
### PETITION FOR
### REVIEW

■ Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101, defines and "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." Where no right, privilege or immunity of a person is in jeopardy, an agency's action does not constitute an adjudication. *DeSivo v. Pennsylvania State Police*, 919 A.2d 361 (Pa.Cmwlth.2007). A

letter can constitute an adjudication, requiring notice and a hearing, if a two-prong test is met: 1) the letter must be an agency's final order, decree, decision, determination or ruling; and 2) it must impact on a party's personal or property rights, privileges, immunities, duties, liabilities or obligations. *NHS Human Services of PA v. Department of Public Welfare*, 985 A.2d 992 (Pa.Cmwlth.2009).

■ A personal right or a privilege impacted by an adjudication pursuant to Section 101 of the Administrative Agency Law will arise if the party claiming a privilege can establish some right or privilege created by statute and characterized as such or some constitutionally protected privilege. *Morningstar v. Mifflin County School District*, 760 A.2d 1221 (Pa.Cmwlth. 2000). As this Court recognized in *DeSivo*, "[n]ot every determination made by a commonwealth employee or board is a decision of a commonwealth agency." *Id.* at 364. To have a property interest in a benefit or a privilege that is protected by procedural due process, one must clearly have more than an abstract need or desire for it or a unilateral expectation of it; rather, he must have a legitimate claim of entitlement to it. *Keeley v. State Real Estate Commission*, 93 Pa.Cmwlth. 291, 501 A.2d 1155 (1985). *See also Presbyterian Medical Center v. Department of Public Welfare*, 792 A.2d 23 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 576 Pa. 717, 839 A.2d 354 (2003)(in order to have a constitutionally protected property right, a party must have more than a unilateral expectation, but rather a legitimate and enforceable claim under the law).

Based on our review of this action, it is apparent that Malehorn's June 10, 2014 correspondence meets neither of the criteria set forth in *NHS*. First, although the letter states that the matter is closed (presumably because the cancelled check and

invoice was provided to petitioner), it is clearly not a final determination. Indeed, the letter invites further questions or inquiries and offers petitioner additional assistance if it is desired. Moreover, it does not appear that the letter impacts petitioner's personal or property rights. There is no indication in the Election Code that the delivery procedures set forth in Section 1626(c) somehow create an appealable event. Furthermore, as this Court recognized in *Marks*, the correspondence does not appear to affect the personal or property rights of any party, but only the rights of the public in general. As such, it does not appear that the correspondence is an adjudication under the Administrative Agency Law from which an appeal may lie. *See LaFarge Corp. v. Ins. Dep't*, 690 A.2d 826 (Pa.Cmwlth.1997), *rev'd on other grounds*, 557 Pa. 544, 735 A.2d 74 (1999); *Ondek v. Allegheny County Council*, 860 A.2d 644 (Pa.Cmwlth.2004). Accordingly, we agree with respondent that the appellate portion of petitioner's petition for review should be dismissed.

### *ORIGINAL JURISDICTION PETITION FOR REVIEW*

■ With regard to petitioner's request for mandamus, this case is virtually identical to *Marks*. The petitioner in *Marks* also brought a pro se petition for review in the nature of mandamus, challenging the sufficiency of a campaign committee's response to a voucher request, and seeking an order compelling respondent to require the campaign committee to compel production of the requested vouchers. The undersigned was the author of the single judge opinion in *Marks* and borrows heavily from it here.

■ Mandamus is an extraordinary remedy. It is only appropriate where the petitioner's right to relief is clear, there is a corresponding duty in the respondent,

and there is a lack of any other adequate remedy. *Chesapeake Appalachia, LLC v. Golden*, 35 A.3d 1277 (Pa.Cmwlth.2012).

Here, as in *Marks*, petitioner's request was based on Section 1626(c) of the Election Code. Supplementing the Election Code, 4 Pa.Code § 177.2, relating to form and content of campaign finance reports, provides that the reports shall include, among other things, "[e]very expenditure, the date made, the full name and address of the person to whom made, and the purpose for which the expenditure was made." 4 Pa.Code § 177.2(b)(4). Subsection (c) further provides:

> Receipted bills are required as follows:
>
> (1) Each candidate or committee treasurer shall retain a receipted bill from the person to whom the expenditure is made by or on behalf of the political committee or candidate in excess of $25.
>
> (2) The receipted bill shall contain the following:
>
> (i) The identification of the person to whom the expenditure is made.
>
> (ii) The amount of the expenditures.
>
> (iii) The particulars of the expenditures.
>
> (iv) The date the expenditures were made.
>
> (3) When a receipted bill is not available, the treasurer may retain the following:
>
> (i) The cancelled check showing payment of the bill.
>
> (ii) The bill, invoice or other contemporaneous memorandum of the transactions supplied to the committee by the payee containing the same information as referred to in paragraph (2).
>
> (iii) Both.

4 Pa.Code § 177.2(c).

With regard to election matters, Section 201 of the Election Code, 25 P.S. § 2621, grants the Secretary of the Common-

wealth the power "(a) To determine, in accordance with the provisions of this act, the forms of nomination petitions and papers, expense accounts and all other forms and records, the form of which he is required to determine under the provisions of this act." (Emphasis added).

In *Marks,* this Court noted:

Section 201 only grants the Secretary the authority to determine the form required to be used for expense accounts. It does not authorize the Secretary to review the forms for the sufficiency of information contained therein, nor does it authorize the Secretary to demand additional information if such information is missing from the expense forms. This is noteworthy because Section 201 does grant the Secretary the authority to determine the sufficiency of nomination petitions, see 25 P.S. § 2621(d), and demand additional reports from county boards of elections, id. at § 2621(e).

Given that the legislature did not grant the Secretary the authority to review candidate's expense reports for sufficiency of compliance with the Election Code, it is not clear that the Secretary has the authority to review a candidate's or his committee's response to a request for vouchers for sufficiency of response and/or to compel a candidate to produce more detailed vouchers where the requester deems the response insufficient. If the legislature had intended to grant the Secretary the authority to determine the sufficiency of a candidate or his committee's compliance with Section 1626(c), it could have easily provided for such. See *Port Auth. of Allegheny Cnty. v. Local 85, Amalgamated Transit Union,* 533 Pa. 135, 620 A.2d 1099 (1993).

Our conclusion is supported by Section 1629 of the Election Code. That section provides that any willingly false, fraudulent or misleading statement or entry by a candidate or treasurer in any statement or report filed under oath constitutes the crime of perjury, and any person convicted of such an offense is disqualified from holding public office in the Commonwealth. Certainly, the Secretary is not authorized to determine whether a candidate's reports contain "willfully false, fraudulent or misleading" statements; such actions must be investigated by the proper authorities and adjudicated pursuant to the Crimes Code and the Pennsylvania Rules of Criminal Procedure.

We also find support for our decision in the Public Official and Employee Ethics Act (Ethics Act), 65 Pa.C.S. §§ 1101–1113, a statute that must be read in pari materia with the Election Code. *In re Paulmier,* 594 Pa. 433, 937 A.2d 364 (2007). The Ethics Act obligates the State Ethics Commission to "[i]nspect statements of financial interests which have been filed in order to ascertain whether any reporting person has failed to file such a statement or has filed a deficient statement." 65 Pa.C.S. § 1107(5). The Ethics Commission is further empowered to investigate violations of the Ethics Act, hold hearings, take testimony, issue subpoenas, compel the attendance of witnesses, and make recommendations to law enforcement officials for conduct in violation of the Ethics Act. *Id.* at § 1107 (12–15).

The Ethics Act illustrates that the legislature has vested the Ethics Commission with the authority to investigate alleged violations of the Ethics Act and provided for remedies for proven violations.

Unlike the Ethics Act, there is nothing in the Election Code indicating that the Commission here is empowered to take action when a requester believes that a candidate or his committee has failed to provide sufficiently detailed expense

voucher statements. Accordingly, petitioner cannot demonstrate that his right to relief is clear and, therefore, his mandamus action must fail.

*Marks,* slip op. at 5–7.

The rationale in *Marks* is equally applicable in the instant action. Accordingly, petitioner's original jurisdiction petition for review is hereby dismissed.

### ORDER

NOW, October 14, 2014, in accordance with the foregoing opinion, petitioner Robert J. Frasconi's dual jurisdiction petition for review is hereby dismissed.