IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller, : 
                    Petitioner : 
               : 
            v. :   No. 4 C.D. 2017
               : 
Teresa D. Miller, Commissioner, :   Submitted: September 22, 2017
Pennsylvania Department of Insurance, : 
Independence Blue Cross and Health : 
Insurance Marketplace, : 
              Respondents : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: January 9, 2018**

      James D. Schneller (Consumer), representing himself, seeks review of what he describes as decisions and a deemed denial or refusal to act by the Commissioner of the Department of Insurance (Department) on Consumer's complaint concerning Independence Blue Cross (Insurer). Consumer asserts that Insurer mishandled his health insurance policy. Upon review, we quash the petition for review for lack of subject matter jurisdiction.

## I. Background

      Consumer submitted a form complaint to the Department in January 2016 (the Complaint), raising concerns about Insurer's handling of Consumer's health insurance coverage. The Complaint related to issues arising from July 2010 through June 2014. The complaint included copies of Consumer's correspondence

with Insurer from 2011 and 2012 concerning those issues. Consumer alleged that Insurer improperly allowed gaps to occur in his health insurance, and that Insurer improperly issued policy renewals. Consumer also alleged that Insurer overcharged for his health insurance premiums.

The Department contacted Insurer and requested information on Consumer's behalf concerning his coverage history. At the Department's behest, Insurer reviewed Consumer's insurance and payment history. Insurer stated that it owed Consumer no refund. Insurer relayed this information to Consumer.

Consumer, dissatisfied with Insurer's response, sent additional correspondence to the Department asking it to take further action. The Department reopened its file and again contacted Insurer, who again reviewed Consumer's insurance account. This time, Insurer determined it owed Consumer a refund of $138.00, which it paid to him. Insurer provided detailed account records to the Department concerning Consumer's health insurance coverage history, which the Department forwarded to Consumer. The Department also relayed Insurer's suggestion that Consumer contact the Federal Marketplace directly for more information.

Consumer continued to insist Insurer owed him more money, and the Department contacted Insurer yet again. Insurer stated it owed Consumer no further refund. The Department once again relayed Insurer's response to Consumer. The Department also suggested that Consumer's remaining concerns appeared to relate

to his Medicaid coverage, and that he could contact the Department of Health for additional information.

The record indicates the Department took no position at any time concerning the merits of either the Complaint or Insurer's responses to the Department's inquiries on Consumer's behalf. The record contains the following correspondence from the Department to Consumer: (1) a letter dated March 1, 2016, relaying Insurer's response to Consumer's concerns and referring Consumer to the Federal Marketplace for additional information; (2) a letter dated April 22, 2016, relaying Insurer's response to Consumer's ongoing concerns, and including Insurer's repeated suggestion that Consumer contact the Federal Marketplace for additional information; (3) a letter dated May 9, 2016, informing Consumer that the Department reopened his file and would seek additional responses from Insurer to address Consumer's remaining concerns; (4) a letter dated May 27, 2016, transmitting a copy of the account history information supplied by Insurer, and informing Consumer that Insurer found an overpayment and would refund $138.00 to Consumer; (5) a letter dated June 16, 2016, noting that Consumer's most recent concern related to Medicaid, and referring Consumer to the Pennsylvania Department of Human Services for information; and, (6) a letter dated October 27, 2016, informing Consumer that his most recent concerns were previously addressed in the Department's letter dated May 27, 2016, that his file remained closed, and that he could seek advice from an attorney on any unresolved issues. Reproduced Record (R.R.) at 20a, 26a, 31a, 33a, 42a, 56a.

Notably, each letter contained the following endorsement:

3

The Insurance Department Bureau of Consumers Services reviews consumer complaints that may relate to the insurance laws of the Commonwealth. This letter is intended solely to provide you with the results of our efforts responding to your recent inquiry. It does not affect any other legal rights or remedies you may have, including any ability you may have to seek relief in court or some other forum. Further, be advised that this communication does not constitute an adjudication under the Administrative Agency Law.

Id. (emphasis added). Thus, the Department was careful to inform Consumer in each communication that it was not adjudicating his complaint, but that he might have legal rights in a different forum.

Consumer persisted in demanding relief from the Department, including a hearing on the Complaint. When the Department informed him that his file was closed and would remain so, he filed a petition for review with this Court.

## II. Discussion

This Court has subject matter jurisdiction over appeals from adjudications of government agencies. 42 Pa. C.S. §763. Here, however, the Department never issued any adjudication.

An adjudication is a "final order, decree, decision, determination or ruling by an agency …" following a proceeding. 2 Pa. C.S. §101. In this case, Consumer misapprehends the nature of the Department's activities on his behalf. As detailed above, the Department limited its activities to making inquiries and relaying information.

4

A letter can constitute an agency adjudication, requiring notice and a hearing, if a two-prong test is met: 1) the letter must be an agency's final order, decree, decision, determination or ruling; and 2) it must impact on a party's personal or property rights, privileges, immunities, duties, liabilities or obligations. NHS Human Services of PA v. Dep't of Public Welfare, 985 A.2d 992 (Pa. Cmwlth. 2009). An agency's statement that the "matter is now considered closed" does not necessarily indicate an "adjudication." In re Malehorn, 106 A.3d 816 (Pa. Cmwlth. 2014), aff'd in part, appeal den'd in part sub nom. Frasconi v. Com., Dep't of State, Bureau of Comm'ns, 111 A.3d 167 (Pa. 2015). When an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, the agency's act can be an "adjudication." Montessori Regional Charter School v. Millcreek Twp. School Dist., 55 A.3d 196 (Pa. Cmwlth. 2012).

Applying the principles discussed above, the Department's letters do not amount to an "adjudication," for several reasons. First, there is no obvious determination made by the Department. Second, it is unclear what personal or property rights, privileges, immunities, duties, liabilities or obligations are at issue beyond Consumer's contractual rights and obligations involving Insurer. Third, Consumer has recourse to common law remedies in other forums to assert his contractual rights involving Insurer.

Further, the Department's correspondence to Consumer in this case stands in contrast to that in Goldstein v. Department of Insurance, 745 A.2d 1271 (Pa. Cmwlth. 2000). In Goldstein, a consumer complained to the Department when his insurer stopped allowing him to pay his annual premium in installment payments.

5

After investigating, the Department sent the consumer a letter stating that the insurer's decision to require lump sum premium payments was reasonable in light of the consumer's history of late payments and cancellation notices. The consumer sought review, and the Department argued it had issued no adjudication subject to this Court's review. This Court found the Department's letter constituted an adjudication, because the Department determined the merits of a consumer complaint and made a finding that the insurer's position was reasonable.

In this case, however, the record correspondence demonstrates that the Department never conducted any proceeding or made any determination. It merely sent inquiries to Insurer on Consumer's behalf and relayed to Consumer the responses Insurer provided. The Department took no position on either the propriety of Insurer's conduct or the validity of Consumer's concerns. Moreover, as set forth above, the Department repeatedly advised Consumer that it was <u>not</u> issuing an adjudication. Indeed, Consumer expressly acknowledges that the Department never issued any determination regarding his Complaint. Pet'r's Br., at 6. Thus, the Department's activity did not constitute a proceeding, and it did not require or lead to an adjudication.

Consumer urges, however, that the absence of an adjudication is itself appealable as a "deemed action" by the Department. Pet'r's Br., at 13. Consumer characterizes his ongoing correspondence with the Department as a series of appeals, and then argues that those appeals were deemed denied because the Department failed to act on them.

This alternative argument suffers from the same flaw as the first. The Department never made an initial determination. Thus, even assuming that Consumer's further correspondence was procedurally sufficient to constitute an appeal, there was nothing from which to appeal. Therefore, the Department's purported inaction could not constitute a "deemed action" giving rise to a right of judicial review.

### III. Conclusion

Without an adjudication by the Department, this Court lacks subject matter jurisdiction to review the Department's activities. Accordingly, we quash Consumer's petition for review. We do so without prejudice to Consumer's remaining ability, if any, to pursue a private contract claim in another forum.

ROBERT SIMPSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| James D. Schneller, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 4 C.D. 2017 |
| | : | |
| Teresa D. Miller, Commissioner, | : | |
| Pennsylvania Department of Insurance, | : | |
| Independence Blue Cross and Health | : | |
| Insurance Marketplace, | : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 9th day of January, 2018, Petitioner James D. Schneller's petition for review is QUASHED.

_____

ROBERT SIMPSON, Judge