## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David W. Breyan,                                   :
                        Petitioner                 :
                                                   :
            v.                                     :
                                                   :
Department of Conservation                         :
and Natural Resources,                             :    No. 34 C.D. 2018
                        Respondent                 :    Argued: December 11, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE FIZZANO CANNON                    FILED: January 8, 2019


            David W. Breyan (Breyan) petitions this Court for review of a
December 20, 2017 letter issued by the Department of Conservation and Natural
Resources (DCNR) refusing to grant him a hearing to contest DCNR's refusal to
provide him benefits pursuant to the law commonly known as the Heart and Lung
Act (HLA), Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638. Upon
review, we conclude that DCNR's December 20th letter is not an appealable
adjudication because Breyan does not have a personal or property right that DCNR
affected when it informed him that he is not entitled to benefits under the HLA.
Accordingly, we dismiss Breyan's petition for review.

DCNR is an administrative agency[1] of the Commonwealth of Pennsylvania which employed Breyan as a ranger. Petition ¶¶ 2-3. On March 9, 2017, Breyan was injured in the performance of his duties as a ranger and temporarily disabled from performing his duties. Petition ¶ 10. On September 29, 2017, Breyan submitted a request to DCNR requesting that he be compensated in accordance with the HLA during his period of disability or, alternatively, requesting that a hearing be held on his claim. Petition ¶ 11. By letter dated October 11, 2017, Breyan was informed that he is not eligible for HLA benefits but, as a ranger, is eligible for "work-related disability leave" under the Pennsylvania State Rangers Association contract. *See* 10/11/17 letter from Work-Related Injury Specialist with the Office of Administration, Judy K. Watterson. In response, Breyan, through counsel, by letter dated October 17, 2017, requested a hearing pursuant to the Administrative Agency Law, 2 Pa. C.S. §§ 501-508, 701-704. *See* 10/17/17 letter by Attorney Sean T. Welby to Secretary of DCNR, Cindy Adams Dunn. DCNR responded to Breyan's request advising him that the HLA "does not identify DCNR [r]anger as a position eligible" for benefits and, therefore, he was not entitled to benefits or a hearing on the matter. *See* 12/20/17 letter by Deputy Secretary of DCNR, Michael A. Walsh.

Breyan petitioned this Court for review. DCNR responded with an application for relief seeking dismissal due to lack of jurisdiction. In its application, DCNR argued that Breyan does not have a property interest in the benefits, and therefore, the December 20th letter does not constitute an adjudication and,

---

[1] Section 201 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 61, provides "[t]he executive and administrative work of this Commonwealth shall be performed . . . by the following administrative departments . . . Department of Conservation and Natural Resources."

consequently, it is not appealable. *See* Application for Relief in the Form of a Motion to Dismiss for Want of Jurisdiction ¶ 16. By order dated April 9, 2018, this Court denied DCNR's request to dismiss the matter, explaining that "DCNR's argument is inextricably intertwined with the merits of whether or not DCNR [p]ark [r]angers are eligible for benefits under the Act." Cmwlth. Ct. Order dated 4/9/18. This Court ordered further briefing and asked the parties to address whether the December 20th letter is an adjudication and to address the merits of Breyan's claim that he is entitled to benefits under the HLA.[2] *Id.*

In his brief, Breyan asserts that DCNR's December 20th letter constituted an "invalid adjudication under the Administrative Agency Law" because DCNR refused to provide him with a hearing to determine his eligibility for HLA benefits. Breyan's Brief at 7. Breyan contends that he is eligible for HLA benefits because, as a DCNR ranger, he has "all of the authority and all of the rights of a member of a police force of a city of the first class." *Id.* DCNR responds that Breyan is not entitled to HLA benefits because "only those classes of employees specifically enumerated in the HLA are entitled to HLA benefits" and rangers are not one of those classes of employees. DCNR's Brief at 6. DCNR asserts that because Breyan is not entitled to HLA benefits, he lacks a property interest in the benefits and "[a]bsent an affected property interest," DCNR's December 20th letter does not constitute an "appealable adjudication," and therefore, the petition for review must be dismissed.[3] *Id.* Upon review, we agree.

---

[2] When reviewing a question of law, this Court's scope of review is plenary and our review is *de novo*. *Soppick v. Borough of West Conshohocken*, 6 A.3d 22, 24 n.5 (Pa. Cmwlth. 2010).

[3] At oral argument, the parties agreed that this Court must first decide whether Breyan has an affected property right, and thereafter decide whether there was an adjudication.

The Administrative Agency Law requires that an administrative agency provide an aggrieved party with an opportunity to be heard at a hearing before issuing an adjudication or final order. 2 Pa. C.S. § 504 (providing, "no *adjudication* of a *Commonwealth agency shall be valid* as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard"); *see also Callahan v. Pa. State Police*, 431 A.2d 946, 948 (Pa. 1981) (explaining that an adjudication by an agency is not valid except upon a hearing wherein each party has an opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his behalf, and to make argument). "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. § 702; *see Malehorn v. Dep't of State, Bureau of Commissions, Elections, and Legislation*, 106 A.3d 816, 820 (Pa. Cmwlth. 2015) (noting correspondence is not an adjudication). An "adjudication" is defined as:

> [a]ny final order, decree, decision, determination or ruling *by an agency affecting personal or property rights,* privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

2 Pa. C.S. § 101 (emphasis added). As plainly stated, for the action of an agency to be deemed an "adjudication," a two-prong test must be met. First, the agency must have issued a "final order, decree, decision, determination or ruling" and, second, that "final order, decree, decision, determination or ruling" must affect the "personal

4

or property rights" of a party. 2 Pa. C.S. § 101; *NHS Human Servs. of Pa. v. Dep't of Pub. Welfare*, 985 A.2d 992, 995 (Pa. Cmwlth. 2009).

We conclude that the December 20th letter was not an "adjudication" because DCNR did not render a decision "affecting [Breyan's] personal or property rights" when it refused to provide Breyan with a hearing because, as a matter of law, Breyan is not entitled to HLA benefits. *See Malehorn*, 106 A.3d at 819 (stating, "[t]o have a property interest in a benefit or a privilege that is protected by procedural due process," one must have more than a unilateral expectation, but rather "a legitimate claim of entitlement to it"); *Greenstein v. Dep't of Health*, 512 A.2d 739, 742-43 (Pa. Cmwlth. 1986) (explaining that property interests are created by and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law). There is no legitimate basis in the law to equate a Commonwealth ranger with a policeman of a county, city, borough, town or township.

The HLA expressly enumerates 13 types of employees that are entitled to a "full rate of salary" while temporarily incapacitated until the disability arising from a work-related injury has ceased. 53 P.S. § 637.[4] Of the employees listed,

---

[4] Specifically, the HLA provides:

    (1) any member of the State Police Force;
    (2) any enforcement officer or investigator employed by the Pennsylvania Liquor Control Board;
    (3) the parole agents, enforcement officers and investigators of the Pennsylvania Board of Probation and Parole;
    (4) Capitol Police officers;
    (5) correction employes employed by the Department of Corrections, whose principal duty is the care, custody and control of inmates;
    (6) psychiatric security aides employed by the Department of Human Services and the Department of Corrections, whose

Breyan asserts that, as a ranger, he is a "policeman" as that term is used in Section 1(a)(10) of the HLA. 53 P.S. § 637(a)(10). Breyan argues that Section 303(a)(7)(ii) of the Conservation and Natural Resources Act, Act of June 28, 1995, P.L. 89, *as amended*, provides DCNR rangers with "all the powers and prerogatives conferred by law upon members of the police force of cities of the first class." 71 P.S. § 1340.303(a)(7)(ii).[5] Breyan argues that the Conservation and Natural Resources Act

---

       principal duty is the care, custody, and control of the criminally insane;

  (7) drug enforcement agents of Office of Attorney General whose principal duty is the enforcement of the drug laws of the Commonwealth;

  (8) special agents of the Office of the Attorney General whose principal duty is the enforcement of the criminal laws of the Commonwealth;

  (9) any member of the Delaware River Port Authority Police;

  (10) *any policeman, fireman or park guard of any county, city, borough, town or township*;

  (10.1) firemen employed by the Commonwealth;

  (11) any sheriff or deputy sheriff; or

  (12) any enforcement officer or investigator of the Pennsylvania Game Commission or the Pennsylvania Fish and Boat Commission;

*who is injured in the performance of his duties* including, in the case of firemen, duty as special fire police, *and by reason thereof is temporarily incapacitated* from performing his duties, *shall be paid by the Commonwealth of Pennsylvania* if an employe identified under paragraph (1), (2), (3), (4), (5), (6), (7), (8) or (12) by the Delaware River Port Authority if a member of the Delaware River Port Authority Police or by the county, township or municipality, by which he is employed, *his full rate of salary*, as fixed by ordinance or resolution, *until the disability arising therefrom has ceased*.

Section 1 of the HLA, 53 P.S. § 637(a) (emphasis added).

    [5] Section 303(a)(7)(ii) provides: "[t]he department shall have the following powers and duties with respect to parks . . . (7) To appoint and commission persons to preserve order in the State parks, which persons shall have all of the following powers . . . (ii) *To have all the powers*

therefore extends the benefits of the HLA "as a universal protection for hazardous public safety employees to those it appoints as police." Breyan's Brief at 12.

The provision of the HLA upon which Breyan relies applies only to "any policeman" of "*any county, city, borough, town or township*." 53 P.S. § 637(a)(10) (emphasis added). Its plain language does not include DCNR rangers. *See* 53 P.S. § 637(a)(10); 1 Pa. C.S. § 1921(b) (stating, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"); *Jones v. County of Washington*, 725 A.2d 255 (Pa. Cmwlth. 1999) (applying strict construction to HLA and holding that a deputy sheriff was not entitled to benefits because his position was not among the enumerated class of employees). Further, the HLA specifically provides that a policeman "shall be paid . . . *by the county, township or municipality, by which he is employed*, his full rate of salary." 53 P.S. § 637(a) (emphasis added). Breyan, by his own assertion, is employed by DCNR, which is a Commonwealth administrative agency, not a county, township or municipality. Petition ¶ 2. Regardless of the nature of his duties and the powers he possesses as a DCNR ranger, Breyan cannot claim benefits under the HLA because he is not employed by a "county, city, borough, town or township." A hearing to make findings of fact would not aid DCNR or this Court in reaching an alternate conclusion given that the plain language of the HLA does not entitle Breyan to the requested benefits as a matter of law.

Because Breyan had no property right to be affected, we conclude that DCNR did not issue an adjudication when it informed Breyan, through the December 20th letter, that he had no legitimate claim or entitlement to the requested

*and prerogatives conferred by law upon members of the police force of cities of the first class.*" Section 303(a)(7)(ii) of the Conservation and Natural Resources Act, 71 P.S. § 1340.303(a)(7)(ii).

HLA benefits or to a hearing on the matter. Given that Breyan is not aggrieved by an adjudication of DCNR, there is no basis upon which an appeal may lie. 2 Pa. C.S. § 702; *Malehorn*, 106 A.3d at 820.

Accordingly, Breyan's petition for review is hereby dismissed.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David W. Breyan,                           :
                Petitioner              :
                                                  :
          v.                                  :
                                                    :
Department of Conservation                 :
and Natural Resources,                     :   No. 34 C.D. 2018
                Respondent            :

O R D E R

AND NOW, this 8th day of January, 2019, the petition for review of David W. Breyan in the above-captioned matter is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge